IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

F. MICHAEL HART,
as Guardian ad litem for J.M.

     Plaintiff,

vs.                                                                                                  Civil No. 08-896 JH/RLP

THE NEW MEXICO SCHOOL FOR THE DEAF,
TERRY WILDING, in his individual capacity, and
PATRICK ERCOLINO, in his individual capacity,

     Defendants.

**Memorandum Opinion and Order
Denying Plaintiff's Motion to Quash Third Party Subpoena
and
Granting in Part Plaintiff's Motion to Modify Subpoena**

**I.     Background.**

F. Michael Hart, guardian ad litem, brings this action on behalf of J.M. alleging negligent operation of the New Mexico School for the Deaf ("School" herein) under the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 *et seq.*, violation by the individual Defendants of JM's Constitutional Fourteenth Amendments right to equal protection pursuant to 42 U.S.C. §1983, and violation by the School of 20 U.S.C. §1681(a) (Title IX of the Education Amendment of 1972). Plaintiff contends that Defendants failed in their duty to protect JM from rape, sexual assault and harassment.

JM testified that she had been subjected to daily sexual abuse and/or harassment previously while a 7th grade student at a different school. (Docket No. 78, Ex. 118-122). She testified that while a student at the School she was sexually harassed and raped by a fellow student, Jorge, and bullied in person and via text message by other students following the rape. (Docket No. 78, Ex. G; Ex. H, pp. 33-35, 97-98). In her complaint she referred to a text message she received from Jorge

asking her to send him a photograph of her breasts. (Complaint, Docket No. 1, Ex.5, ¶ 28). In her deposition testimony JM admitted sending such a photograph to a different student. (Docket No. 78, Ex. H, pp. 136-137). She contends that "she was further victimized by being treated with open hostility by some at the school and by being treated as an outcast by others," (Docket No. 10, p. 3), and that bullying through text messages continued after she transferred to another school her senior year of high school (Docket No. 78, Ex. H, p. 33).

Defendants contend that evidence indicates that the sexual relationship between JM and Jorge may have been consensual. (Docket No. 78, p. 6-7; Docket No. 78 Ex. B; Docket No. 78 Ex. C pp.12-14; Docket No. 78 Ex. D; Docket No. 78 Ex. E).

Defendants served a subpoena on Corporation Service Company, New Mexico Registered Agency for T-Mobile USA Inc., seeking records of cell phone and text messages sent by or received by JM from April 1, 2000 to April 29, 2010. [Docket No. 75, Ex. A]. Plaintiff moves to quash the subpoena, contending that it is overly broad on its face, unreasonably invades the privacy of JM and others and seeks information that may be privileged, e.g., text communication from or to JM from her attorneys and/or "treatment providers." Alternatively, Plaintiff seeks a Protective Order limiting the subpoena to materials generated from August through December 2006.

## II.     Standing.

As a rule, a party to a lawsuit has no standing to seek to quash a subpoena issued to a non-party.[1]  Courts have recognized an exception to this general rule when the party seeking to challenge the subpoena has a personal right or privilege in the subject matter requested in the

---

[1] **Johnson v. Gmeinder**, 191 F.R.D. 638, 640 n. 2 (D.Kan.2000); **Hertenstein v. Kimberly Home Health Care, Inc.**, 189 F.R.D. 620, 635 (D.Kan.1999); **Windsor v. Martindale**, 175 F.R.D. 665, 668 (D.Colo.1997); 9A C. Wright & A. Miller, Federal Practice and Procedure: Civil 3rd § 2459 (3rd ed.2008).

subpoena.[2] Having reviewed the subpoena in question, the Court finds that it clearly seeks information in which JM has a personal right. As such, the Court finds that although the subpoena is directed to non-parties, Plaintiff has standing to seek to quash the subpoena.

### III.    Relevant Law Regarding Discovery

The scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense," and information sought is relevant "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[3] The federal discovery rules reflect the courts' and Congress' recognition that "mutual knowledge of all relevant facts gathered by both parties is essential to proper litigation."[4] As a result, these rules "contemplate[ ] discovery into any matter that bears on or that reasonably could lead to other matter[s] that could bear on any issue that is or may be raised in a case."[5]

Fed. R. Civ. P 45(c)(3)(A)(iii) and (iv) provide the court "shall quash or modify [a] subpoena if it ... requires disclosure of a privileged or other protected matter and no exception or waiver applies, or [if it] subjects a person to undue burden." Moreover, and for good cause shown, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.[6] Such orders may include completely prohibiting certain discovery or imposing a designated method by which discovery must be

---

[2]**Langford v. Chrysler Motors Corp.**, 513 F.2d 1121, 1126 (2d Cir.1975); **Johnson**, 191 F.R.D. at 640 n. 2; **Windsor**, 175 F.R.D. at 668; **Smith v. Midland Brake, Inc.**, 162 F.R.D. 683, 685 (D.Kan.1995).

[3]Fed.R.Civ.P. 26(b)(1). **See Schlagenhauf v. Holder**, 379 U.S. 104, 114-15, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964)("The deposition-discovery rules are to be accorded a broad and liberal treatment.");

[4] **Hickman v. Taylor**, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

[5]**Anaya v. CBS Broadcasting, Inc.**, 251 F.R.D. 645, 649-650 (D.N.M.2007).

[6]Fed.R.Civ.P. 26(c).

conducted.[7] The one seeking a protective order or to quash a subpoena carries the burden to show good cause and/or the right to be protected.[8]

## IV.  Discussion

Evidence bearing on whether the conduct between JM and Jorge was consensual is relevant to her cause of action under Title IX.[9]  In addition, Plaintiff seeks recovery under Title IX for JM's treatment by other students. The content of text messages and/or cell-phone photos may be relevant to this claim, or may lead to the discovery of admissible evidence. [10]

As to the claim of privilege, I find that Plaintiff has failed to support that claim.  The party claiming a privilege must prove its applicability, and may not rest on a blanket contention that materials are privileged.[11]  It is insufficient merely to contend that documents contain privileged information.[12]  This is all Plaintiff has done in the instant case.

I find, however, that the ten year time period covered by the subpoena is too broad on its face.   I find that text messages and cell-phone photographs sent by or received by JM prior to enrolling at the School are not relevant to the claims in the instant action, nor are they reasonably

---

[7] Fed.R.Civ.P. 26(c)(1) and (3).

[8] **Sentry Ins. v. Shivers**, 164 F.R.D. 255, 256 (D.Kan.1996);  9A, C. Wright & A. Miller, Federal Practice and Procedure: Civil 3rd § 2459, 2010 Supplement.

[9] **See Benefield ex rel. Benefield v. Board of Trustees of the University of Alabama at Birmingham**, 214 F.Supp. 2d 1212, (N.D. Ala. 2002).

[10] **Davis v. Monroe County Bd. of Educ.,** 526 U.S. 629, 652, 119 S.Ct. 1661, 1675 (1999). ("Damages are not available for simple acts of teasing and name-calling among school children ... even where these comments target differences in gender. Rather, in the context of student-on-student harassment, damages are only available where the behavior is so severe, pervasive, and objectively offensive that it denies victims the equal access to education that Title IX is designed to protect.").

[11] **See Foster v. Hill**, 188 F.3d 1259, 1264 (10th Cir. 1999).

[12] **Fed. Deposit Ins. Corp. v. United Pac. Ins. Co.,** 152 F.3d 1266, 1276 n. 6 (10th Cir. 1998).

calculated to lead to the discovery of admissible evidence. I further find that text messages and cell-phone photographs sent by or received by JM following her enrollment at the School, through the end of her senior year of high school may be relevant to claims and defenses plead or is reasonably calculated to lead to the discovery of admissible evidence.

## ORDER

**IT IS HEREBY ORDERED AS FOLLOWS**:

1) Plaintiff's Motion to Quash Third Party Subpoena served by Defendants on Corporation Service Company, New Mexico Registered Agency for T-Mobile USA Inc. is **DENIED**.

2) Plaintiff's Motion to Modify the date range for the Subpoena is **GRANTED IN PART**. The subpoena will be modified as follows: The date range for which discovery is permitted shall commence on the date of JM's enrollment at the New Mexico School for the Deaf, though the end of her senior year of high school. The parties will confer on or before 5 working days following the date of this Order to identify those specific dates, and Defendants may then have the subpoena reissued and served on Corporation Service Company, New Mexico Registered Agency for T-Mobile USA Inc.

**IT IS SO ORDERED**.

_____
**RICHARD L. PUGLISI**
**Chief United States Magistrate Judge**